UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| TAMMY LEE ALBANO, | |
|       Plaintiff, | |
| v. | Case No. 15-2017 |
| CAROLYN W. COLVIN<br>Acting Commissioner of Social Security, | |
|       Defendant. | |

REPORT AND RECOMMENDATION

Plaintiff Tammy Lee Albano seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment (#11) be DENIED, Defendant's Motion for Summary Judgment (#14) be GRANTED, and that the decision to deny benefits be affirmed.

I.   Background

On January 12, 2012, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 2, 2011. Plaintiff's claims were denied initially on April 12, 2012, and upon reconsideration on September 13, 2012. Plaintiff, represented by counsel, appeared and testified at a video hearing before an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff, and an impartial vocational expert (VE).

On October 2, 2013, the ALJ issued an unfavorable decision (R. 13-26.) The ALJ found that Plaintiff has the severe impairments of chronic pain disorder with psychological factors and general medical condition, migraine headaches, cervicalgia, myalgias and decreased vision (20 CFR 404.1520(c)). (R. 15.) The ALJ determined that

Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 16.) The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform:

> Light work as defined in 20 CFR 404.1567(b) except that [Plaintiff] can only occasionally climb ladders, ropes or scaffolds and only occasionally climb ramps and stairs. [Plaintiff] can occasionally balance, stoop, kneel, crouch, or crawl. [Plaintiff] can frequently use her vision for far acuity and is limited to work in a moderate noise level or less. [Plaintiff] has the mental residual functional capacity to perform simple, routine and repetitive tasks and [i]s able to understand, remember, and carry out simple instructions. [Plaintiff] is limited to work that involves only occasional interaction with the public, co-workers or supervisors.

(R. 18.) The ALJ found that Plaintiff is unable to perform her past work as a semi-truck driver, commercial cleaner and corrections officer, but that jobs exists in significant numbers that Plaintiff can perform. (R. 25.) Plaintiff filed a Request for Review, which the appeals council denied, making the ALJ's ruling the Commissioner's final decision.

On appeal, Plaintiff argues: 1) the ALJ failed to adequately articulate her Listing 1.04A analysis; 2) the ALJ's RFC assessment is not supported by substantial evidence and the ALJ erred in her questioning of the VE; and 3) the ALJ's credibility finding was patently wrong;

## II.     Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91

F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

### III. Discussion

#### a. Listing 1.04A

First, Plaintiff argues that the ALJ failed to adequately articulate her Listing 1.04A analysis and failed to address an objective EMG-NCV showing cervical root involvement. Plaintiff claims that the ALJ's analysis of Listing 1.04A was perfunctory because the ALJ failed to consider the EMG-NCV taken on January 4, 2008, nearly four years before the alleged onset date.

In order for Plaintiff's impairments to meet listing 1.04A, each of the specified medical criteria must be satisfied. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Listing 1.04A requires that Plaintiff show evidence of:

1. A disorder of the spine that resulted in the compromise of the nerve root or the spinal cord; and
2. Evidence of nerve root compression characterized by:
    a. Neuro-anatomic distribution of pain;
    b. Limitation of motion of the spine;
    c. Motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss; and
    d. If there is involvement of the lower back, positive straight leg raising test.

20 C.F.R., pt. 404, subpt. P, App. 1, Listing 1.04A. Plaintiff points to the EMG-NCV to show that she met listing 1.04A, however, the EMG-NCV does not establish that she meets the criteria in Listing 1.04A. The doctor reviewing the EMG-NCV concluded that it was an "abnormal EMG-NCV with evidence of irritability consistent with radiculopathy seen in the paraspinal areas bilaterally and in the C-5,6 and C-6,7 and C-7,8 distribution on the right and the C-7,8 distribution on the left." (R.529.) The doctor, however, did not conclude that the radiculopathy caused nerve root compression and resulting neuro-anatomic distribution of pain, limitation of motion of the spine, or motor loss accompanied by sensory or reflex loss, as required for Listing 1.04A. No medical opinion found that Plaintiff suffered from these limitations. The Court will not

recommendation remand when it is convinced that the ALJ will reach the same result. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011).

### b.  RFC Assessment

Next, Plaintiff claims that the ALJ's RFC assessment is not supported by substantial evidence and the ALJ erred in her questioning of the VE.  Plaintiff argues that the ALJ failed to examine objective medical evidence giving credit to Plaintiff's testimony regarding her reaching and fine motor limitations. The ALJ considered the medical record and the opinions of the state agency physicians, neither of which suggested significant reaching or fine motor limitations. Plaintiff also again points to the EMG-NCV from January 2008, which revealed a "significant degree of carpal tunnel syndrome." (R. 559.) However, Plaintiff does not cite any evidence from the record suggesting that the carpal tunnel found in 2008 resulted in limitations beyond that assessed in the RFC.

Plaintiff also maintains that the ALJ failed to discuss evidence of other limitations resulting from Plaintiff's migraines, bathroom needs, and challenges with concentration, persistence, and pace. The ALJ considered Plaintiff's migraines (R. 21) and abdominal pain (R. 21-22) and also found that "the treatment notes indicate [Plaintiff] received little if any treatment for these impairments after her alleged onset date." (R. 16.) As to Plaintiff's limitations with concentration, persistence, and pace, the ALJ fully considered the limitations reflected in the medical record. (R. 17.)

No medical opinion in the record conflicts with the ALJ's RFC assessment and no opinion suggests the need for greater limitations. The Court recommends Plaintiff's request for remand be denied as to the RFC assessment. Because the RFC determination was proper, the Court also finds no issue with the hypotheticals presented to the VE.

### c.  Credibility Determination

Finally, Plaintiff argues that the ALJ's credibility finding was patently wrong. "An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek v. Barnhart*, 390 F. 3d 500, 504-05 (7th Cir. 2004). Plaintiff claims that the

ALJ selectively highlighted evidence that supported her conclusion. However, the ALJ gave numerous pieces of evidence in support of her credibility finding: 1) objective test results did not support limitations to the extent testified by Plaintiff; 2) Plaintiff was not compliant with physical therapy recommended by her physician; 3) Plaintiff's statements to doctors did not describe the limitations she claimed to experience while testifying; and 4) Plaintiff had gaps in treatment. Plaintiff has not shown that the ALJ's determination was patently wrong.

### IV.     Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#11)** be **DENIED**, Defendant's Motion for Summary Judgment **(#14)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 19th day of February, 2016.

                              s/DAVID G. BERNTHAL
                              UNITED STATES MAGISTRATE JUDGE